UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE GUADALUPE JARA NIEVES,

Petitioner,

v.

GREGORY ARCHAMBEAULT, Field Office Director of Enforcement and Removal Operations, et al.,

Respondents.

Case No.:  26-CV-606 JLS (BLM)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Jose Guadalupe Jara Nieve's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents Gregory Archambeault's (Field Office Director of Enforcement and Removal Operations), Kristi Noem's (Secretary of the U.S. Department of Homeland Security), Pamela Bondi's (Attorney General of the United States), and Jeremy Casey's (Warden of the Imperial Regional Detention Facility) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 4).  Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since November 2025.  Pet. ¶ 20.  Petitioner claims that he is entitled to a bond hearing.  *Id.* ¶¶ 1–4.

1

26-CV-606 JLS (BLM)

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  Ret. at 2.  Because of this, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  *Id.*  Therefore, the Petition (ECF No. 1) is **GRANTED**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.  The Parties **SHALL FILE** a joint status report informing the Court of the outcome of the hearing by <u>February 27, 2026</u>.  As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  February 9, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment finding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act.  *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.